IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| RUTH NORAEEN ANDREWS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 12-CV-721-WDS |
| | ) | |
| CBOCS WEST, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

**STIEHL, District Judge:**

This matter is before the Court on plaintiff's motion (Doc. 11) to strike defendant's affirmative defenses found in defendant's answer to plaintiff's complaint (Doc. 9). The defendant has filed a response to the plaintiff's motion (Doc. 12).

This cause of action is actually plaintiff's second bite at the employment discrimination apple with respect to her employment at Cracker Barrel. The Court previously granted summary judgment in favor of the defendant as to her employment at the Caseyville, Illinois, Cracker Barrel. See, *Andrews v. CBOC's West, Inc.*, 09-CV-1025-WDS, Order at Doc. 74. As part of that decision, the Court noted that the defendant had identified plaintiff as eligible for rehire.[1]

In this 2012 action, plaintiff asserts that in 2010 she applied for a position of rehire with the defendant but has not been offered a position, in violation of her rights under Title VII. She asserts that she filed a complaint with the EEOC and has received a right to sue letter. She seeks to strike

---

[1] The Court noted, in granting summary judgment, that "Cracker Barrel provided a clear, nondiscriminatory reason for her termination. She left the Caseyville store on vacation and never returned. Her discharge was subject to rehire, but not until 2010 (after this [09-CV-1025] legal action was filed) did she seek re-employment. There is nothing to establish that the reason she was discharged was pretextual." (Order at Doc. 74 p. 5).

six of defendant's affirmative defenses, claiming that they are insufficient.[2]

Rule 12(f) provides that a district court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed.R.Civ.P. 12(f). The court may either strike on its own or on a motion by a party and has considerable discretion in striking any redundant, immaterial, impertinent or scandalous matter. *Id.*; *Talbot v. Robert Matthews Distrib. Co.*, 961 F.2d 654, 665 (7th Cir.1992).

In this case, the Court **FINDS** that none of the affirmative defenses asserted here are subject to being stricken under Rule 12(f). Accordingly, plaintiff's motion to strike is **DENIED** on all grounds raised.

**IT IS SO ORDERED.**

**DATE: 28 December , 2012**                              **/s/  WILLIAM D. STIEHL**
                                                                                       **DISTRICT JUDGE**

---

[2] The affirmative defenses plaintiff seeks to strike are: defense 3 – subject to discovery and investigation plaintiff has failed to exhaust her administrative remedies; defense 6- plaintiff has not suffered any damages because defendant would have taken the same actions absent any alleged unlawful motivation; defense 7- subject to investigation and discovery plaintiff's claims are barred by doctrines of waiver, laches, estoppel and/or unclean hands; defense 8- all actions were based upon legitimate noninvidious reasons; defense 9-subject to investigation and discovery, plaintiff's claims are barred by doctrine of after-acquired evidence; defense 10- subject to investigation and discovery, plaintiff has failed to mitigate her damages.